UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE L. SLOAN and TRACY B. FERNS,<br><br>Plaintiffs,<br><br>v.<br><br>NIGEL CAIRNS,<br><br>Defendants. | Case No.: 22cv596-JO-AGS<br><br>**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE** |

On October 18, 2022, the Court ordered Plaintiffs to show cause on or before November 9, 2022, why the case should not be dismissed for failure to file an amended complaint by the September 30, 2022 deadline. Dkt. 5 (Order to Show Cause). The Court cautioned that failure to timely respond to the Order to Show Cause will result in dismissal of the action. *Id.* To date, Plaintiffs have not filed a response.

Federal Rule of Civil Procedure 41(b) governs involuntary dismissal. Fed. R. Civ. P. 41(b). Before dismissing under Rule 41(b), a district court must weigh five "essential factors": "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423–24 (9th Cir. 1986). "A dismissal for lack of prosecution must be supported by a showing of unreasonable delay," which "creates a presumption of injury to the defense." *Id.* at 1423 (citations omitted).

The Court examines the five "essential factors" set forth in *Henderson* and finds that they weigh in favor of dismissing the case. Plaintiffs have unreasonably delayed the filing of an amended complaint after the initial complaint was dismissed on August 26, 2022. Despite being granted thirty-six days after the dismissal for the amendment, Plaintiffs failed to meet the Court's deadlines. To this day, over three months after the Court's order to amend the complaint, Plaintiffs still have not complied with the Court's order nor requested an extension of time to do so. Based on these facts, the Court finds that the public's interest in speedy litigation and the Court's need to manage its docket weigh in favor of dismissal. The Court also finds that prejudice to Defendant can be presumed from the length of this delay. Moreover, by not requesting an extension or even filing a response to the Court's Order to Show Cause, Plaintiffs have requested no alternative sanction nor demonstrated a desire to prosecute this case. The Court, therefore, finds that dismissal is the appropriate sanction in this case.

Accordingly, the Court DISMISSES the case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. The Clerk is directed to close the case.

**IT IS SO ORDERED**.

Dated: December 14, 2022

_____
Honorable Jinsook Ohta
United States District Judge